In the Matter of the Petition of ALBERT OTTINGER, Attorney-General of the State of New York, Respondent, for an Order Directing SAMUEL FELDMAN and Others to Appear before a Referee for Examination.

COMMUNITY LIVE POULTRY CORPORATION and Others, Appellants.

Second Department, March 19, 1926.

Monopolies — application by Attorney-General under General Business Law, § 343, for order directing certain persons to appear before referee for examination and to produce books — not necessary for Attorney-General to show that he, in good faith, determined to bring action for violation of General Business Law, § 340, and also materiality of testimony, to authorize court to exercise discretion.

An application made by the Attorney-General under section 343 of the General Business Law for an order directing certain persons to appear before a referee for examination and to produce books and documents concerning alleged illegal agreements, combinations and conspiracies, was properly granted on the papers which allege that the Attorney-General has determined and intends to commence an action or proceeding under sections 340–346 of the General Business Law, and that upon information and belief the testimony of the witnesses is material and necessary to the establishment of the alleged unlawful agreements, combinations and conspiracies.

It was not necessary for the Attorney-General, as contended by the appellant, to show that he, in good faith, had determined to commence an action, and to show that the testimony of the persons named is material and necessary in connection with that action, for under the statute the mere allegation that he has determined to commence the action and that upon information and belief the testimony will be material and necessary, is sufficient to authorize the court to exercise its discretion.

APPEAL by the Community Live Poultry Corporation and others from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 5th day of February, 1926, denying a motion to vacate an order appointing a referee to take the testimony of witnesses in the above-entitled proceeding theretofore granted on the 27th day of January, 1926.

*Isidor Neuwirth* [*George D. Zahm* and *Benjamin F. Schreiber* with him on the brief], for the appellants.

*Robert P. Beyer, Deputy Attorney-General* [*Albert Ottinger, Attorney-General,* with him on the brief], for the respondent.

RICH, J. Upon the verified petition of the Attorney-General, in which it is set forth, among other things, that a large number of wholesale and retail licensed live poultry dealers in the city of New York, and other portions of the State, have agreed, conspired and combined for the purpose of restraining and preventing competition in this State in the purchase, sale, supply and price of live poultry between themselves and the consumer, which live poultry is an article or commodity in common use, a justice of the Supreme Court made an order, under and pursuant to the provisions of section 343 of the General Business Law, directing certain persons to appear before a referee to answer such questions as may be put to them and to produce such papers, documents and books concerning the alleged illegal agreements, combinations and conspiracies therein referred to. One of the persons, Isidor Neuwirth, who represented the other appellants as attorney and whose examination, as well as that of the other appellants, was directed, moved at Special Term to vacate the order upon the ground that the petition upon which it was entered was insufficient upon its face to warrant the making of the order. The motion was denied by the learned court at Special Term, and this appeal is from the order entered thereon.

The grounds upon which the appellants seek to have this court hold that the petition is insufficient are that it fails to show that (1) the Attorney-General in *good faith* has determined to commence an action for an alleged violation of section 340 of the General Business Law (as amd. by Laws of 1921, chap. 712); (2) that the testimony of the persons named in the application is material and necessary in connection with *that* action; and (3) that the mere information and belief on the part of the Attorney-General that such testimony is material and necessary, is not sufficient, but that he must show *how* and *why* it is material and necessary. As authority for this proposition, *Matter of Davies* (168 N. Y. 89, 103)

is cited. The Attorney-General has alleged, among other things, that he has determined and intends to commence an action or proceeding under sections 340 to 346, inclusive, of the General Business Law, as amended, and that upon information and belief, the testimony of the appellants, among others, is material and necessary to the establishment of the alleged unlawful agreements, combinations and conspiracies. The statute (General Business Law, § 343) says: " The application for such order made by the Attorney-General may simply show upon his information and belief that the testimony of such person is material and necessary," but it appears to be appellants' position that the Court of Appeals in the *Davies* case has so construed the statute that the Attorney-General must show among other things, *first*, that he has in good faith determined to prosecute the action; *second*, that the testimony of the persons named in the application is material and necessary in connection with that action; and *third*, that the mere information and belief on the part of the Attorney-General that such testimony is material and necessary is not sufficient, but that he must show, in addition, how and why it is material and necessary. It is our understanding that the *Davies* case merely stands for the proposition that the justice to whom the application is made for the order is not compelled to grant it, but he has a discretion either to grant or refuse it.

It seems that the Attorney-General is unable from the information now in his possession to name the persons or corporations engaged in the unlawful combinations and conspiracies alleged, and the object of the statute is to assist the Attorney-General in such a contingency by enabling him to obtain information to be used. To give the statute the construction sought to be placed upon it would result in rendering it impossible for the Attorney-General to discover the persons sought to be reached.

The discretion of the learned justice in granting the order was, therefore, properly exercised, and the order of the Special Term denying the motion to vacate should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., JAYCOX, KAPPER and LAZANSKY, JJ., concur.

Order denying motion to vacate affirmed, with ten dollars costs and disbursements.